**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001 / Facsimile: (619) 595-3000

**LEBE LAW, APC**
Jonathan M. Lebe (SBN 284605)
jon@lebelaw.com
5723 Melrose Avenue, Suite 100
Los Angeles, CA 90038-3889
Telephone: (310) 921-7056 / Facsimile: (310) 820-1258

Attorneys for Plaintiff Mark Crockett, on behalf of himself,
and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CROCKETT, on behalf of himself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>WORLD BUSINESS LENDERS, LLC, a New York Limited Liability Company; and DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | CASE NO. 8:19-CV-00488<br><br>CLASS ACTION AND FLSA COLLECTIVE ACTION<br><br>COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES AND INJUNCTIVE RELIEF<br>1. Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.)<br>2. Failure to Pay Overtime Wages (California Labor Code § 1194)<br>3. Failure to Timely Pay Wages (California Labor Code § 203)<br>4. Violation of Unfair Competition Law (California Business and Professions Code §§ 17200 et seq.]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff MARK CROCKETT, on behalf of himself, and all others similarly situated, complains and alleges as follows:

## I.

## <u>INTRODUCTION</u>

1.     This is a class and collective action on behalf of Plaintiff and current and former non-exempt California employees of Defendant WORLD BUSINESS LENDERS, LLC ("World Business" or "Defendant").

2.     This case arises from Defendant's policies which fail to pay employees correct overtime rates, including by not adding all compensation, including commissions, to determine the regular rate, and, timely pay all final wages.

3.     Plaintiff was employed by Defendant in California as an Associate – Senior Finance Specialist, from November 2015 through March 2017. He brings this action on behalf of Associates, and other similarly-situated California employees at any time during the four years before the filing of this Complaint ("Class Period"), subject to Defendant's policies which fail to: pay employees the correct premium overtime rates, including by not adding all compensation to determine the regular rate; and, timely pay all final wages ("Class members").

## II.

## <u>JURISDICTION AND VENUE</u>

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Diversity subject matter jurisdiction exists pursuant 28 U.S.C. § 1332(d)(2) as amended by the Class Action Fairness Act of 2005, because at least some members of the proposed class have different citizenship from some defendants, and the claims of the proposed class members exceed five million dollars ($5,000,000) in the aggregate.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

5.      Diversity of citizenship exists between Plaintiff and Defendant. Plaintiff Mark Crockett is a citizen and resident of California.  Defendant World Business Lenders, LLC is a New York Limited Liability Company with its headquarters in Jersey City, New Jersey.

6.      While the exact damages to Plaintiff and the Class are unknown at this time, Plaintiff reasonably believes their claims exceed five million dollars ($5,000,000) in the aggregate.

7.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business in the State of California, in this judicial district.

8.      Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district. Venue is proper in this district also because there is personal jurisdiction in this district over Defendant. Presently and at all relevant times, Defendant has conducted substantial, continuous and systematic commercial activities in this district.

## III.
## <u>THE PARTIES</u>

**A.     The Plaintiff**

9.      Plaintiff Mark Crockett is a resident of Anaheim, Orange County, California, and was employed by Defendant in Orange County as an Associate – Senior Finance Specialist.

**B.     Defendant**

10.     Plaintiff is informed, believes, and alleges World Business Lenders, LLC is a New York Limited Liability Company and was the employer of Plaintiff and the members of Plaintiff Class and Subclasses, during the Class Period. Plaintiff is informed and believes, and based on that alleges, World Business Lenders, LLC hires employees to sell its goods and services in California, New Jersey, Florida, Texas, Georgia, and Connecticut.

1

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## IV.

## GENERAL ALLEGATIONS

11.    At all times during the liability period, Defendant conducted business by making business loans in Orange County and throughout the United States.

12.    During the proposed Class Period, Plaintiff and the members of the Plaintiff Class were employed by Defendant in California, New Jersey, Florida, Texas, Georgia, and Connecticut.

13.    Plaintiff and each Plaintiff Class member were Associates, and other non-exempt employees, covered by Defendant's policies and covered under the FLSA, 29 USC § 207, one or more Industrial Welfare Commission (IWC) Wage Orders, including 4-2001, Labor Code § 1194, and/or other orders, regulations and statutes, which required Defendant to pay Plaintiff and Plaintiff Class members time and one half for all overtime hours worked throughout the Class Period.

## V.

## FLSA COLLECTIVE ACTION

14.    Plaintiff brings the First Cause of Action, for violations of the Fair Labor Standards Act ("FLSA"), as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants or any of them, at any time beginning three years before the filing of the complaint in this case ("FLSA Class Period"), in the United States in an Associate, or similar non-exempt position. ("Covered Employees")

15.    At all relevant times, Plaintiff and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies and procedures of willfully failing to pay them at legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, including by failing to include all compensation to correctly calculate the regular rate of pay. The claims of Plaintiff are similar to those of the other Covered Employees.

- 3 -

16.     The First Cause of Action is properly brought and maintained as an opt-in collective action. FLSA, 29 U.S.C. 216(b). Covered Employees names and addresses are readily available from Defendants. Covered Employees can be provided notice by first class mail to the last address known to their employer.

17.     Plaintiff Mark Crockett's signed consent is attached as Exhibit "A." Plaintiff is informed, believes and alleges many other Covered Employees will sign and file consents to join this lawsuit if given the opportunity to do so.

## CALIFORNIA CLASS ACTION

18.     Plaintiff brings this action on behalf of himself and all similarly-situated persons. The class Plaintiff seeks to represent is defined as:

**Plaintiff Class**

All Defendant's California non-exempt Associates, at any time during the four years before the filing of this Complaint through the time of trial.

19.     Plaintiff seeks to certify a subclass of employees defined as:

**California Overtime Subclass**

All Plaintiff Class members who were not paid all overtime wages at the correct regular rate of pay for hours worked over eight (8) per day or forty (40) per week.

20.     Plaintiff seeks to certify a subclass of employees defined as:

**Waiting Time Subclass**

All Plaintiff Class members to whom Defendant failed to pay all wages due to them upon termination or resignation under Labor Code §§ 201-203.

21.     Plaintiff seeks to certify a subclass of employees defined as:

**UCL Subclass**

All members of the California Overtime Subclass.

22.     This action is brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. A well-defined community of interest in the litigation exists and the proposed Class is easily ascertainable.

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

23. **Ascertainable Class**: The proposed class and subclasses are ascertainable because they can be identified and located using Defendant's payroll and personnel records.

24. **Numerosity**: The potential members of the Class are so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit the parties and the Court. The number of Class members is unknown to Plaintiff, but is estimated to be in excess of 100 individuals.

25. **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses because all members of the Class and Subclasses sustained similar injuries and damages arising out of Defendant's common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendant's wrongful conduct in violation of law, as alleged.

26. **Adequacy**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of their members, has no interests antagonistic to the members of the Class and Subclasses, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled and experienced in litigating large employment law class actions.

27. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery by reason of Defendant's unlawful policies resulting in failure to pay all overtime wages. A Class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system. Plaintiff is unaware of any difficulties likely to be encountered in managing this action that precludes a class action.

28.     The predominating common questions of law and fact include, without limitation:

a.      Whether Defendant failed to properly compensate Plaintiff Class members for all overtime hours worked;

b.      Whether Defendant violated California Labor Code §§ 201 or 202  by failing to timely pay all final wages to terminated employees;

c.      Whether Plaintiff Class and Subclasses are entitled to penalties under California Labor Code § 203;

d.      Whether Defendant violated §§ 17200, *et seq.* of the Business and Professions Code; Labor Code § 1194; and IWC Wage Order 4-2001, which constitute violations of fundamental public policy;

e.      Whether Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, §§ 17200, *et seq.*

## VI.
## CAUSES OF ACTION
## <u>FIRST CAUSE OF ACTION</u>
### Failure to Pay Overtime Wages [FLSA - 29 USC § 207]

29.     Plaintiff incorporates the preceding paragraphs of this Complaint.

30.     At all relevant times, each Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, each Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

31.     Defendant employed Plaintiff and the FLSA Covered Employees to work, and they did work, in excess of forty (40) hours per week.

32.     Defendant failed to pay Plaintiff and the FLSA Covered Employees for work in excess of forty (40) hours per week at one and one half times the regular rate of pay for each Employee.

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

33.     Plaintiff seeks judgment against Defendant on his own behalf, and on behalf of each FLSA collective employee, for all unpaid wages, including overtime wages owed by Defendant, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages - California [Labor Code § 1194]

34.     Plaintiff incorporates the preceding paragraphs of this Complaint.

35.     Defendant employed Plaintiff and California Associates to work, and they did work, in excess of eight hours per day and forty hours per week.

36.     Defendant failed to pay Plaintiff and California Associates for work in excess of eight hours per day and forty hours per week at one and one half times the regular rate of pay in violation of Labor Code § 1194.

37.     Defendant's unlawful acts deprived Plaintiff and the Class and Subclasses Plaintiff seeks to represent of overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### Failure to Pay Wages Due at Termination [Labor Code § 203]

38.     Plaintiff incorporates the preceding paragraphs of this Complaint.

39.     Defendant had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendant's former employees. Labor Code §§ 201 and 202 require Defendant to pay their employees all wages due within the time required by law.

40.     If an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. Labor Code § 203. The penalty cannot exceed 30 days of wages.

41.     Waiting Time Subclass members are not employed by Defendant.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

42.     Defendant willfully failed to pay Plaintiff and Waiting Time Subclass Members wages due at termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days.

### FOURTH CAUSE OF ACTION
### Violations of the Unfair Competition Law
### [Business and Professions Code §§ 17200 et seq.]

43.     Plaintiff incorporates all preceding paragraphs of this Complaint.

44.     Defendant's failure to pay Plaintiff and members of the Plaintiff Class and subclasses for all hours worked, as required by Wage Orders and the Labor Code, as alleged, constitutes unlawful activity prohibited by Business and Professions Code §§ 17200, et seq.

45.     The actions of Defendant in failing to lawfully pay Plaintiff and members of the Class, constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, §§ 17200, et seq.

46.     Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, § 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public as a representative of all others subject to Defendant's unlawful acts and practices.

47.     This cause of action is brought as a cumulative remedy and as an alternative remedy for restitution for Plaintiff, and each Subclass Member, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code § 17205.

48.     As a result of Defendant's unlawful and unfair business practice of failing to pay earned wages, each Plaintiff Class and Subclass Member has suffered damages and is entitled to restitution in an amount according to proof.

49.      The illegal conduct alleged is continuing and there is no indication that Defendant will discontinue such activity in the future. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay all wages as required by law.

50.      Plaintiff further requests the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay minimum and overtime wages.

## VII.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

A.      Determine this action may be maintained as a class action, with Plaintiff serving as Class Representative and his counsel serving as Class Counsel;

B.      Determine this action may be maintained as a collective action, with Plaintiff serving as Class Representative and his counsel serving as Class Counsel;

C.      For Facilitated Notice under 29 USC § 216(b);

D.      All overtime wages, and interest, and an equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 207, et seq;

E.      Attorneys' fees and costs pursuant to statute, including, but not limited to, 29 USC § 216;

F.      Determine Defendant's failure to pay overtime wages to Plaintiff and Class members violates IWC Wage Orders, regulations, and statutes;

G.      Defendant be ordered to pay and judgment entered for overtime wages for Plaintiff and each Class member, according to proof;

H.      Defendant be ordered to pay and judgment entered for Labor Code § 203 penalties to Plaintiff and each Subclass member, according to proof;

I.      Defendant be found to have engaged in unfair competition in violation of Business and Professions Code § 17200;

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

J.    Defendant be ordered to pay restitution to Plaintiff and Class members, due to Defendant's unlawful and unfair competition, including disgorging wrongfully obtained profits and wrongfully withheld wages according to proof, and interest. Business and Professions Code §§ 17203 and 17204;

K.    Defendant be enjoined from further acts of unfair competition and specifically from failing to pay Class Members overtime wages;

L.    Plaintiff, Plaintiff Class members, and Subclass members be awarded attorneys' fees and costs pursuant to statute, including, but not limited to, Labor Code § 1194, and Code of Civil Procedure § 1021.5;

M.    Determine the appropriate remedy to compensate Plaintiff, Class and Subclass members, as required to promote fairness and justice, including but not limited procedures for compensation, and fluid recovery if appropriate;

N.    Prejudgment Interest; and

O.    Any other relief the court deems proper.

Dated: March 12, 2019                     COHELAN KHOURY & SINGER
                                          LEBE LAW, APC


                                          By: s/ Jeff Geraci
                                                Michael D. Singer, Esq.
                                                Jeff Geraci, Esq.
                                          Attorneys for Plaintiff Mark Crockett


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable as of right by jury.

Dated: March 12, 2019                     COHELAN KHOURY & SINGER
                                          LEBE LAW, APC



                                          By: s/ Jeff Geraci
                                                Michael D. Singer, Esq.
                                                Jeff Geraci, Esq.
                                          Attorneys for Plaintiff Mark Crockett

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 10 -

# EXHIBIT A

## **FLSA CONSENT**

I, Mark Crockett, consent to join this action asserting claims arising under the Fair labor Standards action, 29 U.S.C. § 201, et seq., against Defendants WORLD BUSINESS LENDERS, LLC, a New York Limited Liability Company; and DOES 1 THROUGH 10, inclusive.

3/12/2019

_____
Date

*Mark Crockett*

_____
Signature

EXHIBIT A, PAGE 1